(C.D. 2683)

ASHEAR BROS. ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 16, 1966)

*Brooks & Brooks* for the plaintiffs.
*John W. Douglas,* Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The cases listed in schedule "A," attached hereto and made a part hereof, have been submitted on a written stipulation which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the

United States, subject to the approval of the Court, that the items of merchandise marked "A" and initialed JW by Examiner John E. Wargo (Examiner's Name) on the invoices covered by the protests enumerated in the schedule attached and made a part hereof, assessed with duty at the rate of 32½ per centum ad valorem under paragraph 1210, Tariff Act of 1930, as modified by T.D. 52739, consists of handkerchiefs, similar in all material respects to the merchandise the subject of *Ashear Bros. Inc.* v. *United States*, C.D. 2582, and therein held dutiable at 27½ per centum ad valorem under paragraph 1209, Tariff Act of 1930, as modified by T.D. 51802.

IT IS FURTHER STIPULATED AND AGREED that the record in C.D. 2582 may be incorporated and made a part of the record herein.

The claims in the protests are limited to the items of merchandise marked "A" as aforesaid.

The protests are submitted.

Accepting the foregoing stipulation of facts and following the authority cited, *Ashear Bros., Inc.* v. *United States*, 55 Cust. Ct. 238, C.D. 2582, we find and hold the items of merchandise, marked "A" and initialed JW by Examiner John E. Wargo, to be properly dutiable at the rate of 27½ per centum ad valorem as silk handkerchiefs, hemmed, under paragraph 1209 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802.

To the extent indicated, the specified claim in these suits is sustained; in all other respects and as to all other merchandise, all the claims are overruled.

Judgment will be rendered accordingly.